UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RODERICK BLACK,

    Petitioner,                       Civ. No. 16-8307 (NLH)

    v.                                   OPINION

MARK KIRBY,

    Respondent.

APPEARANCES:
Roderick Black, # 28287-054
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Roderick Black, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction and sentence. (ECF No. 1). Because it appears from a review of the Petition that this Court lacks jurisdiction under 28 U.S.C. § 2241, the Petition will be dismissed without prejudice.

**I. BACKGROUND**

    This Court outlined the procedural history of Petitioner's criminal matters in an opinion dismissing a previous § 2241 from Petitioner:

On September 2, 1994, Black was convicted of various drug trafficking offenses, in the United States District Court for the Eastern District of North Carolina. United States v. Black, 97 F.3d 1449 (4th Cir. 1996). He was also convicted of violating 18 U.S.C. 924(c)(1), which criminalizes using or carrying a firearm during a drug trafficking crime, and engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. 848. Id. Black was sentenced to consecutive terms of life in prison and sixty months. Id. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court on September 18, 1996. Id.

In early 2001, Black filed a 28 U.S.C. § 2255 motion with the sentencing court, which denied the motion as untimely. United States v. Black, 19 F. App'x 78 (4th Cir. 2001). He pursued an appeal, and on September 19, 2001, the Fourth Circuit agreed with the district court's conclusion that the § 2255 motion was untimely, denied a certificate of appealability and dismissed the appeal.

On May 2, 2007, Black filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania to challenge his 1994 conviction. The district court dismissed the petition on the ground that Black could only challenge his conviction via a § 2255 motion. Black v. Warden, USP Lewisburg, 253 F. App'x 209, 210 (3d Cir. 2007).

This Court also notes that in 2010 Petitioner filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court in the Eastern District of North Carolina. In that motion, he alleged ineffective assistance of counsel due to his counsel's failure to properly pursue a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 in the underlying criminal case. The United States District Court for the Eastern District of

> North Carolina denied Petitioner's motion. Black v. United States, No. 2:10-CV-46-BO, 2010 WL 4860349, at *1 (E.D.N.C. Nov. 22, 2010).
>
> In 2014, Petitioner filed a third motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, Petitioner challenged his original sentence of life imprisonment pursuant to the Supreme Court's ruling in Alleyne v. United States, 133 S. Ct. 2151, 186 L.Ed. 2d 314 (2013). In an Order dated September 17, 2014, the United States District Court for the Eastern District of North Carolina dismissed the motion as a second or successive motion for which Petitioner had not sought authorization to file from the Fourth Circuit Court of Appeals. Black v. United States, No. 2:14-CV-35-BO, 2014 WL 4686677, at *1 (E.D.N.C. Sept. 17, 2014), reconsideration denied, No. 2:14-CV-35-BO, 2014 WL 5307465 (E.D.N.C. Oct. 16, 2014).

Black v. Kirby, No. 16-1553, 2016 WL 3219864, at *1–2 (D.N.J. June 7, 2016).

In the previous § 2241 petition before this Court, Petitioner argued that he was actually innocent of the life sentence imposed under 21 U.S.C. § 841. Id. He further asserted that § 2255 was inadequate or ineffective to challenge his conviction or sentence because he was sentenced prior to the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881, 187 L.Ed. 2d 715 (2014). Id. The Court found that it was without jurisdiction to consider Petitioner's claims in a § 2241 and denied the petition. Id.

3

In the instant Petition, Petitioner argues that pursuant to United States v. Theodoropoulos, 866 F.2d 587 (3d Cir. 1988), Bailey v. United States, 516 U.S. 137 (1995) and Bousley v. United States, 523 U.S. 614 (1998), he is actually innocent of his § 924(c) conviction.[1]  (ECF No. 1.)

**II. DISCUSSION**

**A. Legal Standard**

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally.  See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Denny v. Schultz,

---

[1] In his 2007 § 2241 petition before the Middle District of Pennsylvania, Petitioner also argued actual innocence pursuant to Bailey/Bousley.  The Third Circuit affirmed the court's dismissal for lack of jurisdiction.  Black, 253 F. App'x at 210.

4

708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that

an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the

preponderance of evidence standard).  The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception.  Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.  In fact, Petitioner has already sought § 2255 relief pursuant to Bailey/Bousley before the district court in North Carolina and the Courts of Appeals for the Fourth Circuit to no avail.  See United States v. Black, 19 F. App'x 78, 78 (4th Cir. 2001). Despite Petitioner's contentions to the contrary, Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Cradle, 290 at 539.[2]

Based on the foregoing, and as previously determined by the Middle District of Pennsylvania and Third Circuit, the Court finds that it lacks jurisdiction under § 2241 over the instant

---

[2] Petitioner's additional reliance on United States v. Theodoropoulos, 866 F.2d 587 (3d Cir. 1989) does not help his cause as that case was decided before he was convicted and available to him during his entire criminal and collateral proceedings.

7

habeas petition.  Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  In this case, the Court will not transfer the Petition to the Fourth Circuit for its consideration as a request to file a second or successive § 2255 motion because, as discussed above, the court has already found Petitioner's claims under Bailey/Bousley to be time barred.

**III. CONCLUSION**

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction.  An appropriate order follows.

Dated: November 27, 2017             s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.